# EXHIBIT B

Bond No.    NVT 1018

# Document A312™ – 2010

**Conforms with The American Institute of Architects AIA Document 312**

## *Performance Bond*

**CONTRACTOR:**
*(Name, legal status and address)*

iSun Industrial, LLC

400 Avenue D, Suite 10

Williston , VT  05495

**SURETY:**
*(Name, legal status and principal place of business)*

Merchants National Bonding, Inc.

P.O. Box 14498

Des Moines, IA  50306 - 34
**Mailing Address for Notices**

SAME AS ABOVE

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**OWNER:**
*(Name, legal status and address)*

Halladay Solar, LLC c/o Standard Solar, Inc.

530 Gaither Road

Rockville, MD  20850

**CONSTRUCTION CONTRACT**
Date:   January 4, 2023

Amount: $ 3,436,864.30      Three Million Four Hundred Thirty Six Thousand Eight Hundred Sixty Four Dollars and 30/100

Description:
*(Name and location)*

MHG Middlebury Halladay - SOLAR PHOTOVOLTAIC (PV) System Engineering, Procurement, and Installation

**BOND**
Date:   February 7, 2023

*(Not earlier than Construction Contract Date)*

Amount: $ 3,436,864.30      Three Million Four Hundred Thirty Six Thousand Eight Hundred Sixty Four Dollars and 30/100

Modifications to this Bond:      ☐ None      ☒ See Section 16

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| iSun Industrial, LLC | | Merchants National Bonding, Inc. | |
| Signature: _____ | | Signature: _____ | |
| Name and Title: | | Name and Title: Adam T. Grap    Attorney-in-Fact | |

*(Any additional signatures appear on the last page of this Performance Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Marsh & McLennan Agency Known locally as Insurance Associates

8830 Stanford Blvd, Suite 250

Columbia, MD  21045

301-369-9155

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

S-1852/AS 8/10

**§ 1** The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

**§ 2** If the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except when applicable to participate in a conference as provided in Section 3.

**§ 3** If there is no Owner Default under the Construction Contract, the Surety's obligation under this Bond shall arise after

.1 the Owner first provides notice to the Contractor and the Surety that the Owner is considering declaring a Contractor Default. Such notice shall indicate whether the Owner is requesting a conference among the Owner, Contractor and Surety to discuss the Contractor's performance. If the Owner does not request a conference, the Surety may, within five (5) business days after receipt of the Owner's notice, request such a conference. If the Surety timely requests a conference, the Owner shall attend. Unless the Owner agrees otherwise, any conference requested under this Section 3.1 shall be held within ten (10) business days of the Surety's receipt of the Owner's notice. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default;

.2 the Owner declares a Contractor Default, terminates the Construction Contract and notifies the Surety; and

.3 the Owner has agreed to pay the Balance of the Contract Price in accordance with the terms of the Construction Contract to the Surety or to a contractor selected to perform the Construction Contract.

**§ 4** Failure on the part of the Owner to comply with the notice requirement in Section 3.1 shall not constitute a failure to comply with a condition precedent to the Surety's obligations, or release the Surety from its obligations, except to the extent the Surety demonstrates actual prejudice.

**§ 5** When the Owner has satisfied the conditions of Section 3, the Surety shall promptly and at the Surety's expense take one of the following actions:

**§ 5.1** Arrange for the Contractor, with the consent of the Owner, to perform and complete the Construction Contract;

**§ 5.2** Undertake to perform and complete the Construction Contract itself, through its agents or independent contractors;

**§ 5.3** Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and a contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Section 7 in excess of the Balance of the Contract Price incurred by the Owner as a result of the Contractor Default; or

**§ 5.4** Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:

.1 After investigation, determine the amount for which it may be liable to the Owner and, as soon as practicable after the amount is determined, make payment to the Owner; or

.2 Deny liability in whole or in part and notify the Owner, citing the reasons for denial.

**§ 6** If the Surety does not proceed as provided in Section 5 with reasonable promptness, the Surety shall be deemed to be in default on this Bond seven days after receipt of an additional written notice from the Owner to the Surety demanding that the Surety perform its obligations under this Bond, and the Owner shall be entitled to enforce any remedy available to the Owner. If the Surety proceeds as provided in Section 5.4, and the Owner refuses the payment or the Surety has denied liability, in whole or in part, without further notice the Owner shall be entitled to enforce any remedy available to the Owner.

**§ 7** If the Surety elects to act under Section 5.1, 5.2 or 5.3, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract. Subject to the commitment by the Owner to pay the Balance of the Contract Price, the Surety is obligated, without duplication, for

.1   the responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;

.2   additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Section 5; and

.3   liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

**§ 8** If the Surety elects to act under Section 5.1, 5.3 or 5.4, the Surety's liability is limited to the amount of this Bond.

**§ 9** The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Construction Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators, successors and assigns.

**§ 10** The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

**§ 11** Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after a declaration of Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

**§ 12** Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears.

**§ 13** When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

## § 14 Definitions

**§ 14.1 Balance of the Contract Price.** The total amount payable by the Owner to the Contractor under the Construction Contract after all proper adjustments have been made, including allowance to the Contractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Construction Contract.

**§ 14.2 Construction Contract.** The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and changes made to the agreement and the Contract Documents.

**§ 14.3 Contractor Default.** Failure of the Contractor, which has not been remedied or waived, to perform or otherwise to comply with a material term of the Construction Contract.

**§ 14.4 Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

**§ 14.5 Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

**§ 15** If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

**§ 16** Modifications to this bond are as follows:

1) Without regard to any warranty or guarantee of a specified level of energy output ("Efficiency Guarantee") provided by the Contractor, its subcontractors, or its suppliers, Surety's obligation to Obligee under this Bond specifically excludes any such Efficiency Guarantee.  This Bond does not warrant or guarantee any Efficiency Guarantee.

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

**CONTRACTOR AS PRINCIPAL**                                      **SURETY**
Company:                         *(Corporate Seal)*              Company:                                      *(Corporate Seal)*


Signature: _____              Signature: _____
Name and Title:                                                 Name and Title:
Address                                                         Address

S-1852/AS 8/10

02/21/2023
Exhibit A
MHG Middlebury Halladay: $3,436,864.30

## Performance and Energy Capacity Guarantees

To whom it may concern:

To the extent this Agreement warrants or guarantees a specified level of energy output ("Efficiency Guarantee") It is understood that no Bond or Surety Guarantee required under this agreement shall cover any such Efficiency Guarantee.

**Acknowledgment:**
Company:    iSun Industrial LLC
Name: _____ Jeff Peck
Title: _____ CEO
Signature:

**Acknowledgment:**
Company: Halladay Solar, LLC
c/o Standard Solar, Inc.
Name: Rick Berube
Title: Authorized Signatory
Signature: Rick Berube



# MERCHANTS
## BONDING COMPANY™
## POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

Surety Bond #:   NVT 1018
Principal: iSun Industrial, LLC
Obligee: Halladay Solar, LLC c/o Standard Solar, Inc.

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this   7th   day of   February   , 2023 .



MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.
d/b/a MERCHANTS NATIONAL INDEMNITY COMPANY

By _Larry Taylor_
President

STATE OF IOWA
COUNTY OF DALLAS ss.
On this   7th   day of   February   , 2023  , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

Kim Lee
Commission Number 702737
My Commission Expires
April 14, 2024

_Kim Lee_
Notary Public

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this   7th   day of   February   , 2023 .



_William Warner Jr._
Secretary

POA 0018 (10/22)

Bond No.   NVT 1018

# Document A312™ – 2010

### Conforms with The American Institute of Architects AIA Document 312

## *Payment Bond*

**CONTRACTOR:**
*(Name, legal status and address)*

iSun Industrial, LLC

400 Avenue D, Suite 10

Williston , VT  05495

**SURETY:**
*(Name, legal status and principal place of business)*

Merchants National Bonding, Inc.

P.O. Box 14498

Des Moines, IA  50306 - 34
**Mailing Address for Notices**

SAME AS ABOVE

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**OWNER:**
*(Name, legal status and address)*

Halladay Solar, LLC c/o Standard Solar, Inc.

530 Gaither Road

Rockville, MD  20850

**CONSTRUCTION CONTRACT**
Date:     January 4, 2023

Amount: $ 3,436,864.30     Three Million Four Hundred Thirty Six Thousand Eight Hundred Sixty Four Dollars and 30/100

Description:
*(Name and location)*

MHG Middlebury Halladay - SOLAR PHOTOVOLTAIC (PV) System Engineering, Procurement, and Installation

**BOND**
Date:     February 7, 2023

*(Not earlier than Construction Contract Date)*

Amount: $ 3,436,864.30     Three Million Four Hundred Thirty Six Thousand Eight Hundred Sixty Four Dollars and 30/100

Modifications to this Bond:     ☐ None     ☒ See Section 18

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| iSun Industrial, LLC | | Merchants National Bonding, Inc. | |
| Signature: _____ | | Signature: _____ | |
| Name and Title: | | Name and Title: Adam T. Grap  Attorney-in-Fact | |

*(Any additional signatures appear on the last page of this Payment Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Marsh & McLennan Agency Known locally as Insurance Associates

8830 Stanford Blvd, Suite 250

Columbia, MD  21045

301-369-9155

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

S-2149/AS 8/10

**§ 1** The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference, subject to the following terms.

**§ 2** If the Contractor promptly makes payment of all sums due to Claimants, and defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, then the Surety and the Contractor shall have no obligation under this Bond.

**§ 3** If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

**§ 4** When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

**§ 5** The Surety's obligations to a Claimant under this Bond shall arise after the following:

**§ 5.1** Claimants, who do not have a direct contract with the Contractor,
- .1 have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and
- .2 have sent a Claim to the Surety (at the address described in Section 13).

**§ 5.2** Claimants, who are employed by or have a direct contract with the Contractor, have sent a Claim to the Surety (at the address described in Section 13).

**§ 6** If a notice of non-payment required by Section 5.1.1 is given by the Owner to the Contractor, that is sufficient to satisfy a Claimant's obligation to furnish a written notice of non-payment under Section 5.1.1.

**§ 7** When a Claimant has satisfied the conditions of Sections 5.1 or 5.2, whichever is applicable, the Surety shall promptly and at the Surety's expense take the following actions:

**§ 7.1** Send an answer to the Claimant, with a copy to the Owner, within sixty (60) days after receipt of the Claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed; and

**§ 7.2** Pay or arrange for payment of any undisputed amounts.

**§ 7.3** The Surety's failure to discharge its obligations under Section 7.1 or Section 7.2 shall not be deemed to constitute a waiver of defenses the Surety or Contractor may have or acquire as to a Claim, except as to undisputed amounts for which the Surety and Claimant have reached agreement. If, however, the Surety fails to discharge its obligations under Section 7.1 or Section 7.2, the Surety shall indemnify the Claimant for the reasonable attorney's fees the Claimant incurs thereafter to recover any sums found to be due and owing to the Claimant.

**§ 8** The Surety's total obligation shall not exceed the amount of this Bond, plus the amount of reasonable attorney's fees provided under Section 7.3, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

**§ 9** Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

**§ 10** The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for the payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligation to make payments to, or give notice on behalf of, Claimants or otherwise have any obligations to Claimants under this Bond.

**§ 11** The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

**§ 12** No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Section 5.1.2 or 5.2, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

**§ 13** Notice and Claims to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears. Actual receipt of notice or Claims, however accomplished, shall be sufficient compliance as of the date received.

**§ 14** When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

**§ 15** Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor and Owner shall promptly furnish a copy of this Bond or shall permit a copy to be made.

**§ 16 Definitions**
**§ 16.1 Claim.** A written statement by the Claimant including at a minimum:

- **.1**  the name of the Claimant;
- **.2**  the name of the person for whom the labor was done, or materials or equipment furnished;
- **.3**  a copy of the agreement or purchase order pursuant to which labor, materials or equipment was furnished for use in the performance of the Construction Contract;
- **.4**  a brief description of the labor, materials or equipment furnished;
- **.5**  the date on which the Claimant last performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;
- **.6**  the total amount earned by the Claimant for labor, materials or equipment furnished as of the date of the Claim;
- **.7**  the total amount of previous payments received by the Claimant; and
- **.8**  the total amount due and unpaid to the Claimant for labor, materials or equipment furnished as of the date of the Claim.

**§ 16.2 Claimant.** An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Construction Contract. The term Claimant also includes any individual or entity that has rightfully asserted a claim under an applicable mechanic's lien or similar statute against the real property upon which the Project is located. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

**§ 16.3 Construction Contract.** The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents.

**§ 16.4 Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

**§ 16.5 Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

**§ 17** If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

**§ 18** Modifications to this bond are as follows:

1) Without regard to any warranty or guarantee of a specified level of energy output ("Efficiency Guarantee") provided by the Contractor, its subcontractors, or its suppliers, Surety's obligation to Obligee under this Bond specifically excludes any such Efficiency Guarantee.  This Bond does not warrant or guarantee any Efficiency Guarantee.

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

**CONTRACTOR AS PRINCIPAL**
Company:                          *(Corporate Seal)*

**SURETY**
Company:                                    *(Corporate Seal)*

Signature: _____

Name and Title:
Address

Signature: _____

Name and Title:
Address

02/21/2023
Exhibit A
MHG Middlebury Halladay: $3,436,864.30

## Performance and Energy Capacity Guarantees

To whom it may concern:

To the extent this Agreement warrants or guarantees a specified level of energy output ("Efficiency Guarantee") It is understood that no Bond or Surety Guarantee required under this agreement shall cover any such Efficiency Guarantee.

**Acknowledgment:**
Company:    iSun Industrial LLC
Name: _____ Jeff Peck
Title: _____ CEO
Signature:

**Acknowledgment:**
Company: Halladay Solar, LLC
c/o Standard Solar, Inc.
Name: Rick Berube
Title: Authorized Signatory
Signature: Rick Berube



# MERCHANTS
## BONDING COMPANY™
## POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

Surety Bond #:  NVT 1018
Principal: iSun Industrial, LLC
Obligee: Halladay Solar, LLC c/o Standard Solar, Inc.

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this   7th   day of   February   , 2023   .



**MERCHANTS BONDING COMPANY (MUTUAL)**
**MERCHANTS NATIONAL BONDING, INC.**
 d/b/a **MERCHANTS NATIONAL INDEMNITY COMPANY**

By *Larry Taylor*
*President*

STATE OF IOWA
COUNTY OF DALLAS ss.
On this   7th   day of   February   , 2023   , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

NOTARIAL SEAL
**Kim Lee**
Commission Number 702737
My Commission Expires
April 14, 2024
IOWA

*Kim Lee*
*Notary Public*

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this   7th   day of   February   , 2023   .



*William Warner Jr.*
*Secretary*

POA 0018 (10/22)

Bond No.    NME 1133

# Document A312™ – 2010

### Conforms with The American Institute of Architects AIA Document 312

## *Performance Bond*

**CONTRACTOR:**
*(Name, legal status and address)*

iSun Industrial, LLC
400 Avenue D, Suite 10
Williston , VT  05495

**SURETY:**
*(Name, legal status and principal place of business)*

Merchants National Bonding, Inc.
P.O. Box 14498
Des Moines, IA  50306 - 34
**Mailing Address for Notices**

SAME AS ABOVE

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**OWNER:**
*(Name, legal status and address)*

BD Solar Larson, LLC c/o BNRG Maine LLC
662 Congress Street #202
Portland, ME  04104

**CONSTRUCTION CONTRACT**
Date:  December 27, 2022

Amount: $ 6,379,144.00     Six Million Three Hundred Seventy Nine Thousand One Hundred Forty Four Dollars and 00/100

Description:
*(Name and location)*
BD SOLAR LARSON LLC DESIGN - SOLAR PHOTOVOLTAIC (PV) System Engineering, Procurement, and Installation

**BOND**
Date:  February 7, 2023

*(Not earlier than Construction Contract Date)*

Amount: $ 6,379,144.00     Six Million Three Hundred Seventy Nine Thousand One Hundred Forty Four Dollars and 00/100

Modifications to this Bond:     ☐ None     ☒ See Section 16

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| iSun Industrial, LLC | | Merchants National Bonding, Inc. | |
| Signature: _____ | | Signature: *Adam T. Grap* | |
| Name and Title: | | Name and Title:  Adam T. Grap   Attorney-in-Fact | |

*(Any additional signatures appear on the last page of this Performance Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Marsh & McLennan Agency Known locally as Insurance Associates
8830 Stanford Blvd, Suite 250
Columbia, MD  21045
301-369-9155

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

S-1852/AS 8/10

**§ 1** The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

**§ 2** If the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except when applicable to participate in a conference as provided in Section 3.

**§ 3** If there is no Owner Default under the Construction Contract, the Surety's obligation under this Bond shall arise after

.1   the Owner first provides notice to the Contractor and the Surety that the Owner is considering declaring a Contractor Default. Such notice shall indicate whether the Owner is requesting a conference among the Owner, Contractor and Surety to discuss the Contractor's performance. If the Owner does not request a conference, the Surety may, within five (5) business days after receipt of the Owner's notice, request such a conference. If the Surety timely requests a conference, the Owner shall attend. Unless the Owner agrees otherwise, any conference requested under this Section 3.1 shall be held within ten (10) business days of the Surety's receipt of the Owner's notice. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default;

.2   the Owner declares a Contractor Default, terminates the Construction Contract and notifies the Surety; and

.3   the Owner has agreed to pay the Balance of the Contract Price in accordance with the terms of the Construction Contract to the Surety or to a contractor selected to perform the Construction Contract.

**§ 4** Failure on the part of the Owner to comply with the notice requirement in Section 3.1 shall not constitute a failure to comply with a condition precedent to the Surety's obligations, or release the Surety from its obligations, except to the extent the Surety demonstrates actual prejudice.

**§ 5** When the Owner has satisfied the conditions of Section 3, the Surety shall promptly and at the Surety's expense take one of the following actions:

**§ 5.1** Arrange for the Contractor, with the consent of the Owner, to perform and complete the Construction Contract;

**§ 5.2** Undertake to perform and complete the Construction Contract itself, through its agents or independent contractors;

**§ 5.3** Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and a contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Section 7 in excess of the Balance of the Contract Price incurred by the Owner as a result of the Contractor Default; or

**§ 5.4** Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:

.1   After investigation, determine the amount for which it may be liable to the Owner and, as soon as practicable after the amount is determined, make payment to the Owner; or

.2   Deny liability in whole or in part and notify the Owner, citing the reasons for denial.

**§ 6** If the Surety does not proceed as provided in Section 5 with reasonable promptness, the Surety shall be deemed to be in default on this Bond seven days after receipt of an additional written notice from the Owner to the Surety demanding that the Surety perform its obligations under this Bond, and the Owner shall be entitled to enforce any remedy available to the Owner. If the Surety proceeds as provided in Section 5.4, and the Owner refuses the payment or the Surety has denied liability, in whole or in part, without further notice the Owner shall be entitled to enforce any remedy available to the Owner.

§ 7 If the Surety elects to act under Section 5.1, 5.2 or 5.3, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract. Subject to the commitment by the Owner to pay the Balance of the Contract Price, the Surety is obligated, without duplication, for

    .1    the responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;

    .2    additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Section 5; and

    .3    liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

§ 8 If the Surety elects to act under Section 5.1, 5.3 or 5.4, the Surety's liability is limited to the amount of this Bond.

§ 9 The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Construction Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators, successors and assigns.

§ 10 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ 11 Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after a declaration of Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ 12 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears.

§ 13 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

### § 14 Definitions

§ 14.1 **Balance of the Contract Price.** The total amount payable by the Owner to the Contractor under the Construction Contract after all proper adjustments have been made, including allowance to the Contractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Construction Contract.

§ 14.2 **Construction Contract.** The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and changes made to the agreement and the Contract Documents.

§ 14.3 **Contractor Default.** Failure of the Contractor, which has not been remedied or waived, to perform or otherwise to comply with a material term of the Construction Contract.

§ 14.4 **Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

§ 14.5 **Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

§ 15 If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

§ 16 Modifications to this bond are as follows:

1) Without regard to any warranty or guarantee of a specified level of energy output ("Efficiency Guarantee") provided by the Contractor, its subcontractors, or its suppliers, Surety's obligation to Obligee under this Bond specifically excludes any such Efficiency Guarantee.  This Bond does not warrant or guarantee any Efficiency Guarantee.

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| | | | |
| Signature: | | Signature: | |
| Name and Title: | | Name and Title: | |
| Address | | Address | |

S-1852/AS 8/10

DocuSign Envelope ID: C71C6930-06CB-4281-A12B-2070898BA0B1

2/7/2023
Exhibit A
Larson Project: $6,379,144.00

## Performance and Energy Capacity Guarantees

To whom it may concern:

To the extent this Agreement warrants or guarantees a specified level of energy output ("Efficiency Guarantee") It is understood that no Bond or Surety Guarantee required under this agreement shall cover any such Efficiency Guarantee.

**Acknowledgment:**
Company:   iSun Industrial LLC
Name: _____ Jeff Peck
Title: _____ CEO
Signature: _Jeffrey Peck_

**Acknowledgment:**
Company:BD Solar Larson LLC
c/o BNRG Renewables Limited
Name: ROBERT CLEAVES
Title: Manager
Signature: DocuSigned by:
ROBERT CLEAVES
434DAFC842ED45C...



# MERCHANTS
## BONDING COMPANY™
## POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

> Surety Bond #: NME 1133
> Principal: iSun Industrial, LLC
> Obligee: BD Solar Larson, LLC c/o BNRG Maine LLC

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this  7th  day of  February  , 2023 .

MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.
d/b/a MERCHANTS NATIONAL INDEMNITY COMPANY

By _Larry Taylor_
President

STATE OF IOWA
COUNTY OF DALLAS ss.
On this  7th  day of  February  ,  2023  , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

NOTARIAL SEAL
Kim Lee
Commission Number 702737
My Commission Expires
April 14, 2024
IOWA

_Kim Lee_
Notary Public

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this  7th  day of  February  , 2023 .

_William Warner Jr._
Secretary

POA 0018 (10/22)

Bond No.   NME 1133

# Document A312™ – 2010

**Conforms with The American Institute of Architects AIA Document 312**

## Payment Bond

**CONTRACTOR:**
*(Name, legal status and address)*

iSun Industrial, LLC
400 Avenue D, Suite 10
Williston , VT  05495

**SURETY:**
*(Name, legal status and principal place of business)*

Merchants National Bonding, Inc.
P.O. Box 14498
Des Moines, IA  50306 - 34
**Mailing Address for Notices**

SAME AS ABOVE

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**OWNER:**
*(Name, legal status and address)*

BD Solar Larson, LLC c/o BNRG Maine LLC
662 Congress Street #202
Portland, ME  04104

**CONSTRUCTION CONTRACT**
Date:      December 27, 2022

Amount: $ 6,379,144.00      Six Million Three Hundred Seventy Nine Thousand One Hundred Forty Four Dollars and 00/100

Description:
*(Name and location)*

BD SOLAR LARSON LLC DESIGN - SOLAR PHOTOVOLTAIC (PV) System Engineering, Procurement, and Installation

**BOND**
Date:     February 7, 2023

*(Not earlier than Construction Contract Date)*

Amount: $ 6,379,144.00      Six Million Three Hundred Seventy Nine Thousand One Hundred Forty Four Dollars and 00/100

Modifications to this Bond:      ☐ None      ☒ See Section 18

| CONTRACTOR AS PRINCIPAL | | SURETY | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| iSun Industrial, LLC | | Merchants National Bonding, Inc. | |
| Signature: _____ | | Signature: _____ | |
| Name and Title: | | Name and Title:  Adam T. Grap   Attorney-in-Fact | |

*(Any additional signatures appear on the last page of this Payment Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Marsh & McLennan Agency Known locally as Insurance Associates
8830 Stanford Blvd, Suite 250
Columbia, MD  21045
301-369-9155

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

S-2149/AS 8/10

§ 1 The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference, subject to the following terms.

§ 2 If the Contractor promptly makes payment of all sums due to Claimants, and defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, then the Surety and the Contractor shall have no obligation under this Bond.

§ 3 If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

§ 4 When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

§ 5 The Surety's obligations to a Claimant under this Bond shall arise after the following:

§ 5.1 Claimants, who do not have a direct contract with the Contractor,
 .1    have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and
 .2    have sent a Claim to the Surety (at the address described in Section 13).

§ 5.2 Claimants, who are employed by or have a direct contract with the Contractor, have sent a Claim to the Surety (at the address described in Section 13).

§ 6 If a notice of non-payment required by Section 5.1.1 is given by the Owner to the Contractor, that is sufficient to satisfy a Claimant's obligation to furnish a written notice of non-payment under Section 5.1.1.

§ 7 When a Claimant has satisfied the conditions of Sections 5.1 or 5.2, whichever is applicable, the Surety shall promptly and at the Surety's expense take the following actions:

§ 7.1 Send an answer to the Claimant, with a copy to the Owner, within sixty (60) days after receipt of the Claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed; and

§ 7.2 Pay or arrange for payment of any undisputed amounts.

§ 7.3 The Surety's failure to discharge its obligations under Section 7.1 or Section 7.2 shall not be deemed to constitute a waiver of defenses the Surety or Contractor may have or acquire as to a Claim, except as to undisputed amounts for which the Surety and Claimant have reached agreement. If, however, the Surety fails to discharge its obligations under Section 7.1 or Section 7.2, the Surety shall indemnify the Claimant for the reasonable attorney's fees the Claimant incurs thereafter to recover any sums found to be due and owing to the Claimant.

§ 8 The Surety's total obligation shall not exceed the amount of this Bond, plus the amount of reasonable attorney's fees provided under Section 7.3, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

§ 9 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

§ 10 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for the payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligation to make payments to, or give notice on behalf of, Claimants or otherwise have any obligations to Claimants under this Bond.

§ 11 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ 12 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Section 5.1.2 or 5.2, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ 13 Notice and Claims to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears. Actual receipt of notice or Claims, however accomplished, shall be sufficient compliance as of the date received.

§ 14 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

§ 15 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor and Owner shall promptly furnish a copy of this Bond or shall permit a copy to be made.

§ 16 Definitions
§ 16.1 Claim. A written statement by the Claimant including at a minimum:
    .1    the name of the Claimant;
    .2    the name of the person for whom the labor was done, or materials or equipment furnished;
    .3    a copy of the agreement or purchase order pursuant to which labor, materials or equipment was furnished for use in the performance of the Construction Contract;
    .4    a brief description of the labor, materials or equipment furnished;
    .5    the date on which the Claimant last performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;
    .6    the total amount earned by the Claimant for labor, materials or equipment furnished as of the date of the Claim;
    .7    the total amount of previous payments received by the Claimant; and
    .8    the total amount due and unpaid to the Claimant for labor, materials or equipment furnished as of the date of the Claim.

§ 16.2 Claimant. An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Construction Contract. The term Claimant also includes any individual or entity that has rightfully asserted a claim under an applicable mechanic's lien or similar statute against the real property upon which the Project is located. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

§ 16.3 Construction Contract. The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents.

.

§ **16.4 Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

§ **16.5 Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

§ **17** If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

§ **18** Modifications to this bond are as follows:

1) Without regard to any warranty or guarantee of a specified level of energy output ("Efficiency Guarantee") provided by the Contractor, its subcontractors, or its suppliers, Surety's obligation to Obligee under this Bond specifically excludes any such Efficiency Guarantee.  This Bond does not warrant or guarantee any Efficiency Guarantee.

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

**CONTRACTOR AS PRINCIPAL**                        **SURETY**
Company:                          *(Corporate Seal)*        Company:                          *(Corporate Seal)*

Signature: _____          Signature: _____
Name and Title:                                Name and Title:
Address                                        Address

S-2149/AS 8/10

DocuSign Envelope ID: C71C6930-06CB-4281-A12B-2070898BA0B1

2/7/2023
Exhibit A
Larson Project: $6,379,144.00

## Performance and Energy Capacity Guarantees

To whom it may concern:

To the extent this Agreement warrants or guarantees a specified level of energy output ("Efficiency Guarantee") It is understood that no Bond or Surety Guarantee required under this agreement shall cover any such Efficiency Guarantee.

**Acknowledgment:**

Company:    iSun Industrial LLC

Name:      Jeff Peck

Title:       CEO

Signature:  *Jeffrey Peck*

**Acknowledgment:**

Company:BD Solar Larson LLC
c/o BNRG Renewables Limited

Name:   ROBERT CLEAVES

Title: Manager

Signature:   DocuSigned by:
            *ROBERT CLEAVES*
            434DAFC842ED45C...



# MERCHANTS
## BONDING COMPANY™
## POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

Surety Bond #:   NME 1133
Principal: iSun Industrial, LLC
Obligee: BD Solar Larson, LLC c/o BNRG Maine LLC

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this   7th   day of   February   , 2023 .

MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.
d/b/a MERCHANTS NATIONAL INDEMNITY COMPANY

By _Larry Taylor_
President

STATE OF IOWA
COUNTY OF DALLAS ss.
On this   7th   day of   February   , 2023 , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

Kim Lee
Commission Number 702737
My Commission Expires
April 14, 2024

(Expiration of notary's commission does not invalidate this instrument)

_Kim Lee_
Notary Public

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this   7th   day of   February   , 2023 .

_William Warner Jr._
Secretary

POA 0018 (10/22)

Bond No.   NME 1132

# Document A312™ – 2010

**Conforms with The American Institute of Architects AIA Document 312**

## *Performance Bond*

**CONTRACTOR:**
*(Name, legal status and address)*

iSun Industrial, LLC
400 Avenue D, Suite 10
Williston , VT  05495

**SURETY:**
*(Name, legal status and principal place of business)*

Merchants National Bonding, Inc.
P.O. Box 14498
Des Moines, IA  50306 - 34
**Mailing Address for Notices**

SAME AS ABOVE

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**OWNER:**
*(Name, legal status and address)*

BD Solar Norridgewock, LLC c/o BNRG Maine LLC
662 Congress Street #202
Portland, ME  04104

**CONSTRUCTION CONTRACT**
Date:   December 27, 2022

Amount: $ 2,852,165.00     Two Million Eight Hundred Fifty Two Thousand One Hundred Sixty Five Dollars and 00/100

Description:
*(Name and location)*
BD SOLAR NORRIDGEWOCK, LLC DESIGN - SOLAR PHOTOVOLTAIC (PV) SYSTEM ENGINEERING, PROCUREMENT, AND INSTALLATION

**BOND**
Date:   February 7, 2023

*(Not earlier than Construction Contract Date)*

Amount: $ 2,852,165.00     Two Million Eight Hundred Fifty Two Thousand One Hundred Sixty Five Dollars and 00/100

Modifications to this Bond:     ☐ None     ☒ See Section 16

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| iSun Industrial, LLC | | Merchants National Bonding, Inc. | |
| Signature: _____ | | Signature: *Adam T. Grap* | |
| Name and Title: | | Name and Title: Adam T. Grap  Attorney-in-Fact | |

*(Any additional signatures appear on the last page of this Performance Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Marsh & McLennan Agency Known locally as Insurance Associates

8830 Stanford Blvd, Suite 250
Columbia, MD  21045
301-369-9155

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

S-1852/AS 8/10

§ 1 The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

§ 2 If the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except when applicable to participate in a conference as provided in Section 3.

§ 3 If there is no Owner Default under the Construction Contract, the Surety's obligation under this Bond shall arise after

    .1   the Owner first provides notice to the Contractor and the Surety that the Owner is considering declaring a Contractor Default. Such notice shall indicate whether the Owner is requesting a conference among the Owner, Contractor and Surety to discuss the Contractor's performance. If the Owner does not request a conference, the Surety may, within five (5) business days after receipt of the Owner's notice, request such a conference. If the Surety timely requests a conference, the Owner shall attend. Unless the Owner agrees otherwise, any conference requested under this Section 3.1 shall be held within ten (10) business days of the Surety's receipt of the Owner's notice. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default;

    .2   the Owner declares a Contractor Default, terminates the Construction Contract and notifies the Surety; and

    .3   the Owner has agreed to pay the Balance of the Contract Price in accordance with the terms of the Construction Contract to the Surety or to a contractor selected to perform the Construction Contract.

§ 4 Failure on the part of the Owner to comply with the notice requirement in Section 3.1 shall not constitute a failure to comply with a condition precedent to the Surety's obligations, or release the Surety from its obligations, except to the extent the Surety demonstrates actual prejudice.

§ 5 When the Owner has satisfied the conditions of Section 3, the Surety shall promptly and at the Surety's expense take one of the following actions:

§ 5.1 Arrange for the Contractor, with the consent of the Owner, to perform and complete the Construction Contract;

§ 5.2 Undertake to perform and complete the Construction Contract itself, through its agents or independent contractors;

§ 5.3 Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and a contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Section 7 in excess of the Balance of the Contract Price incurred by the Owner as a result of the Contractor Default; or

§ 5.4 Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:

    .1   After investigation, determine the amount for which it may be liable to the Owner and, as soon as practicable after the amount is determined, make payment to the Owner; or

    .2   Deny liability in whole or in part and notify the Owner, citing the reasons for denial.

§ 6 If the Surety does not proceed as provided in Section 5 with reasonable promptness, the Surety shall be deemed to be in default on this Bond seven days after receipt of an additional written notice from the Owner to the Surety demanding that the Surety perform its obligations under this Bond, and the Owner shall be entitled to enforce any remedy available to the Owner. If the Surety proceeds as provided in Section 5.4, and the Owner refuses the payment or the Surety has denied liability, in whole or in part, without further notice the Owner shall be entitled to enforce any remedy available to the Owner.

§ 7 If the Surety elects to act under Section 5.1, 5.2 or 5.3, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract. Subject to the commitment by the Owner to pay the Balance of the Contract Price, the Surety is obligated, without duplication, for

    .1    the responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;

    .2    additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Section 5; and

    .3    liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

§ 8 If the Surety elects to act under Section 5.1, 5.3 or 5.4, the Surety's liability is limited to the amount of this Bond.

§ 9 The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Construction Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators, successors and assigns.

§ 10 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ 11 Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after a declaration of Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ 12 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears.

§ 13 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

## § 14 Definitions

§ 14.1 **Balance of the Contract Price.** The total amount payable by the Owner to the Contractor under the Construction Contract after all proper adjustments have been made, including allowance to the Contractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Construction Contract.

§ 14.2 **Construction Contract.** The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and changes made to the agreement and the Contract Documents.

§ 14.3 **Contractor Default.** Failure of the Contractor, which has not been remedied or waived, to perform or otherwise to comply with a material term of the Construction Contract.

§ 14.4 **Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

§ 14.5 **Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

§ 15 If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

§ 16 Modifications to this bond are as follows:

1) Without regard to any warranty or guarantee of a specified level of energy output ("Efficiency Guarantee") provided by the Contractor, its subcontractors, or its suppliers, Surety's obligation to Obligee under this Bond specifically excludes any such Efficiency Guarantee.  This Bond does not warrant or guarantee any Efficiency Guarantee.

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

**CONTRACTOR AS PRINCIPAL**                          **SURETY**
Company:                        *(Corporate Seal)*          Company:                        *(Corporate Seal)*


Signature: —————————————————————          Signature: ——————————————————————————
Name and Title:                                              Name and Title:
Address                                                      Address


S-1852/AS 8/10

DocuSign Envelope ID: C71C6930-06CB-4281-A12B-2070898BA0B1

2/7/2023
Exhibit A
Norridgewock Project: $2,852,165.00

## Performance and Energy Capacity Guarantees

To whom it may concern:

To the extent this Agreement warrants or guarantees a specified level of energy output ("Efficiency Guarantee") It is understood that no Bond or Surety Guarantee required under this agreement shall cover any such Efficiency Guarantee.

**Acknowledgment:**

Company:   iSun Industrial LLC

Name:      Jeff Peck

Title:       CEO

Signature:  *Jeffrey Peck*

**Acknowledgment:**

Company: BD Solar Larson LLC

c/o BNRG Renewables Limited

Name:  ROBERT CLEAVES

Title: Manager

Signature:   DocuSigned by:

*ROBERT CLEAVES*

434DAFC842E045C...



# MERCHANTS
# BONDING COMPANY™
## POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

Surety Bond #:  NME 1132
Principal: iSun Industrial, LLC
Obligee: BD Solar Norridgewock, LLC c/o BNRG Maine LLC

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this  7th  day of     February     , 2023  .



MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.
d/b/a MERCHANTS NATIONAL INDEMNITY COMPANY

By _Larry Taylor_
                                          President

STATE OF IOWA
COUNTY OF DALLAS ss.
On this  8th  day of     February     , 2023  , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

NOTARIAL SEAL
**Kim Lee**
Commission Number 702737
My Commission Expires
April 14, 2024
(Expiration of notary's commission
does not invalidate this instrument)

_Kim Lee_
Notary Public

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this  7th  day of     February     , 2023  .

_William Warner Jr._
                                          Secretary

POA 0018 (10/22)

Bond No.  NME 1132

# Document A312™ – 2010

**Conforms with The American Institute of Architects AIA Document 312**

## *Payment Bond*

**CONTRACTOR:**
*(Name, legal status and address)*

iSun Industrial, LLC
400 Avenue D, Suite 10
Williston , VT  05495

**SURETY:**
*(Name, legal status and principal place of business)*

Merchants National Bonding, Inc.
P.O. Box 14498
Des Moines, IA  50306 - 34
**Mailing Address for Notices**

SAME AS ABOVE

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**OWNER:**
*(Name, legal status and address)*

BD Solar Norridgewock, LLC c/o BNRG Maine LLC
662 Congress Street #202
Portland, ME  04104

**CONSTRUCTION CONTRACT**
Date:     December 27, 2022
Amount: $ 2,852,165.00     Two Million Eight Hundred Fifty Two Thousand One Hundred Sixty Five Dollars and 00/100

Description:
*(Name and location)*
BD SOLAR NORRIDGEWOCK, LLC DESIGN - SOLAR PHOTOVOLTAIC (PV) SYSTEM ENGINEERING, PROCUREMENT, AND INSTALLATION

**BOND**
Date:     February  7, 2023
*(Not earlier than Construction Contract Date)*

Amount: $ 2,852,165.00     Two Million Eight Hundred Fifty Two Thousand One Hundred Sixty Five Dollars and 00/100

Modifications to this Bond:     ☐ None     ☒ See Section 18

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| iSun Industrial, LLC | | Merchants National Bonding, Inc. | |
| Signature: _____ | | Signature: *Adam T. Grap* | |
| Name and Title: | | Name and Title: Adam T. Grap  Attorney-in-Fact | |

*(Any additional signatures appear on the last page of this Payment Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Marsh & McLennan Agency Known locally as Insurance Associates
8830 Stanford Blvd, Suite 250
Columbia, MD  21045
301-369-9155

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

S-2149/AS 8/10

§ 1 The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference, subject to the following terms.

§ 2 If the Contractor promptly makes payment of all sums due to Claimants, and defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, then the Surety and the Contractor shall have no obligation under this Bond.

§ 3 If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

§ 4 When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

§ 5 The Surety's obligations to a Claimant under this Bond shall arise after the following:

§ 5.1 Claimants, who do not have a direct contract with the Contractor,

    .1    have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and

    .2    have sent a Claim to the Surety (at the address described in Section 13).

§ 5.2 Claimants, who are employed by or have a direct contract with the Contractor, have sent a Claim to the Surety (at the address described in Section 13).

§ 6 If a notice of non-payment required by Section 5.1.1 is given by the Owner to the Contractor, that is sufficient to satisfy a Claimant's obligation to furnish a written notice of non-payment under Section 5.1.1.

§ 7 When a Claimant has satisfied the conditions of Sections 5.1 or 5.2, whichever is applicable, the Surety shall promptly and at the Surety's expense take the following actions:

§ 7.1 Send an answer to the Claimant, with a copy to the Owner, within sixty (60) days after receipt of the Claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed; and

§ 7.2 Pay or arrange for payment of any undisputed amounts.

§ 7.3 The Surety's failure to discharge its obligations under Section 7.1 or Section 7.2 shall not be deemed to constitute a waiver of defenses the Surety or Contractor may have or acquire as to a Claim, except as to undisputed amounts for which the Surety and Claimant have reached agreement. If, however, the Surety fails to discharge its obligations under Section 7.1 or Section 7.2, the Surety shall indemnify the Claimant for the reasonable attorney's fees the Claimant incurs thereafter to recover any sums found to be due and owing to the Claimant.

§ 8 The Surety's total obligation shall not exceed the amount of this Bond, plus the amount of reasonable attorney's fees provided under Section 7.3, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

§ 9 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work. .

§ 10 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for the payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligation to make payments to, or give notice on behalf of, Claimants or otherwise have any obligations to Claimants under this Bond.

§ 11 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ 12 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Section 5.1.2 or 5.2, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ 13 Notice and Claims to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears. Actual receipt of notice or Claims, however accomplished, shall be sufficient compliance as of the date received.

§ 14 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

§ 15 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor and Owner shall promptly furnish a copy of this Bond or shall permit a copy to be made.

§ 16 Definitions
§ 16.1 Claim. A written statement by the Claimant including at a minimum:

   .1    the name of the Claimant;
   .2    the name of the person for whom the labor was done, or materials or equipment furnished;
   .3    a copy of the agreement or purchase order pursuant to which labor, materials or equipment was furnished for use in the performance of the Construction Contract;
   .4    a brief description of the labor, materials or equipment furnished;
   .5    the date on which the Claimant last performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;
   .6    the total amount earned by the Claimant for labor, materials or equipment furnished as of the date of the Claim;
   .7    the total amount of previous payments received by the Claimant; and
   .8    the total amount due and unpaid to the Claimant for labor, materials or equipment furnished as of the date of the Claim.

§ 16.2 Claimant. An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Construction Contract. The term Claimant also includes any individual or entity that has rightfully asserted a claim under an applicable mechanic's lien or similar statute against the real property upon which the Project is located. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

§ 16.3 Construction Contract. The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents.

**§ 16.4 Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

**§ 16.5 Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

**§ 17** If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

**§ 18** Modifications to this bond are as follows:

1) Without regard to any warranty or guarantee of a specified level of energy output ("Efficiency Guarantee") provided by the Contractor, its subcontractors, or its suppliers, Surety's obligation to Obligee under this Bond specifically excludes any such Efficiency Guarantee.  This Bond does not warrant or guarantee any Efficiency Guarantee.

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| | | | |
| Signature: _____ | | Signature: _____ | |
| Name and Title: | | Name and Title: | |
| Address | | Address | |

S-2149/AS 8/10

DocuSign Envelope ID: C71C6930-06CB-4281-A12B-2070898BA0B1

2/7/2023
Exhibit A
Norridgewock Project: $2,852,165.00


## Performance and Energy Capacity Guarantees


To whom it may concern:

To the extent this Agreement warrants or guarantees a specified level of energy output ("Efficiency Guarantee") It is understood that no Bond or Surety Guarantee required under this agreement shall cover any such Efficiency Guarantee.

**Acknowledgment:**

Company:   iSun Industrial LLC

Name:   Jeff Peck

Title:   CEO

Signature:   _Jeffrey Peck_

**Acknowledgment:**

Company:BD Solar Larson LLC

c/o BNRG Renewables Limited

Name: ROBERT CLEAVES

Title: Manager

Signature:   DocuSigned by:

ROBERT CLEAVES

434DAFC842ED45C...



# MERCHANTS
## BONDING COMPANY™
### POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

Surety Bond #: NME 1132
Principal: iSun Industrial, LLC
Obligee: BD Solar Norridgewock, LLC c/o BNRG Maine LLC

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this   7th   day of   February   , 2023 .

MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.
d/b/a MERCHANTS NATIONAL INDEMNITY COMPANY

By _Larry Taylor_
                        President

STATE OF IOWA
COUNTY OF DALLAS ss.
On this   8th   day of   February   , 2023 , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

**Kim Lee**
Commission Number 702737
My Commission Expires
April 14, 2024

_Kim Lee_
                        Notary Public

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this 7 th  day of   February   , 2023 .

_William Warner Jr._
                        Secretary

POA 0018 (10/22)



# MERCHANTS
## BONDING COMPANY ™

Merchants National Bonding, Inc.   P.O. Box 14498, Des Moines, Iowa 50306-3498
Phone: (800) 678-8171  Fax: (515) 243-3854

## SUBCONTRACT PERFORMANCE BOND

Bond No. 100000127

KNOW ALL PERSONS BY THESE PRESENTS: That Peck Electric Company

400 Avenue D, Suite 10, Williston, VT  05495 _____ as Principal,
hereinafter called Principal, and  Merchants National Bonding, Inc.                 as Surety, hereinafter called
Surety, are held and firmly bound unto  Neagley & Chase Construction Company

66 Bowdoin Street, Suite 100, South Burlington, VT  05403
as Obligee, hereinafter called Obligee, in the amount of  One Million Three Hundred Ninety One Thousand
Twenty Eight Dollars and 00/100 _____ Dollars ( $1,391,028.00                    ),
for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators and
successors, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated _____ December 21, 2022 _____

entered into a subcontract with Obligee for  Electrical - ICE Law Enforcement Facility - Project Number: 1587

_____

which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if Principal shall promptly and
faithfully perform the subcontract, then this obligation shall be null and void; otherwise it shall remain in full force
and effect.

Whenever Principal shall be, and declared by Obligee to be in default under the subcontract, the Obligee
having performed Obligee's obligations thereunder:

(1) Surety may promptly remedy the default subject to the provisions of paragraph 3 herein, or,

(2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee may arrange
for the performance of Principal's obligation under the subcontract subject to the provisions of para-
graph 3 herein.

(3) The balance of the subcontract price, as defined below, shall be credited against the reasonable
cost of completing performance of the subcontract. If completed by the Obligee, and the reasonable cost
exceeds the balance of the subcontract price, the Surety shall pay to the Obligee such excess, but in no
event shall the liability of the Surety exceed the amount of this bond. If the Surety arranges completion
or remedies the default, the balance of the subcontract price shall be paid to the Surety at the times and
in the manner as said sums would have been payable to Principal had there been no default under the
subcontract, provided however that the Surety shall have no further liability or obligation to Obligee once
the Surety's loss equals the bond amount stated herein. The term "balance of the subcontract price," as
used in this paragraph, shall mean the total amount of the subcontract and any amendments thereto,
less the amounts properly paid by Obligee under the subcontract.

Any suit on this bond must be filed within two years from the date the Principal ceased working under the
subcontract. If the provisions of this paragraph are void or prohibited by law, the minimum period of limitation
available to sureties as a defense in the jurisdiction of the suit shall be applicable.

No right of action shall accrue on this bond to or for the use of any person or corporation other than Obligee
named herein or the heirs, executors, administrators or successors of the Obligee.

Signed and sealed this _____ 22nd _____ day of _____ February _____ A. D. ____ 2023 ____

In the presence of:                                        Peck Electric Company
                                                         _____
                                                                        Principal
                                                                                              (Seal)
_____                          By: _____

                Witness                                  Merchants National Bonding, Inc.
                                                                        Surety
                                                                                              (Seal)
_____                          By: _____
Jaime George-Perando, Witness                            Adam T. Grap         Attorney-in-Fact
CON 0340 (2/15)



# POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

Surety Bond #:  100000127
Principal: Peck Electric Company
Obligee: Neagley & Chase Construction Company

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this 22nd  day of      February      , 2023  .



MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.
d/b/a MERCHANTS NATIONAL INDEMNITY COMPANY

By _____
President

STATE OF IOWA
COUNTY OF DALLAS ss.
On this  22nd  day of      February      ,  2023  , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

Kim Lee
Commission Number 702737
My Commission Expires
April 14, 2024

_____
Notary Public

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this 22nd day of      February      , 2023  .



_____
Secretary

POA 0018 (10/22)



## MERCHANTS
### BONDING COMPANY ™

Merchants National Bonding, Inc. P.O. Box 14498, Des Moines, Iowa 50306-3498
Phone: (800) 678-8171 Fax: (515) 243-3854

## SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND

Bond No. 100000127

KNOW ALL PERSONS BY THESE PRESENTS: That  Peck Electric Company                    as Principal,
400 Avenue D, Suite 10, Williston, VT  05495
hereinafter called Principal, and  Merchants National Bonding, Inc.              as Surety, hereinafter called
Surety, are held and firmly bound unto  Neagley & Chase Construction Company
66 Bowdoin Street, Suite 100,  South Burlington, VT  05403                            as Obligee,
hereinafter called Obligee, in the amount of  One Million Three Hundred Ninety One Thousand Twenty Eight Dollars
and 00/100                          Dollars (  $1,391,028.00                        ),
for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators and successors, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated                  December 21, 2022
entered into a subcontract with Obligee for  Electrical - ICE Law Enforcement Facility - Project Number: 1587

which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if Principal shall make payment of the valid charges of all claimants as hereinafter defined, for all labor and material used in the performance of the subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal for labor, material, or both used in the performance of the subcontract.

(2) The Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant. The Obligee shall not be liable for the payment of any costs or expenses of any such suit.

(3) No suit or action shall be commenced hereunder,

(a) After the expiration of one year from the date on which the last of the labor was performed or materials were supplied for which claim is made. If the provisions of this paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

(b) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated and not elsewhere.

(4) The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this _____ 22nd _____ day of _____ February _____ A. D. _____ 2023 _____

In the presence of:                              Peck Electric Company

                                                                          Principal                        (Seal)

_____                  By: _____

            Witness

                                                 Merchants National Bonding, Inc.
                                                                           Surety                         (Seal)

_____                  By: _____

Jaime George-Perando  Witness                      Adam T. Grap        Attorney-in-Fact

CON 0340 (2/15)



# MERCHANTS
## BONDING COMPANY™
# POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa, d/b/a Merchants National Indemnity Company (in California only) (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

**Adam T. Grap**

their true and lawful Attorney(s)-in-Fact, to sign its name as surety(ies) and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

Surety Bond #: 100000127
Principal: Peck Electric Company
Obligee: Neagley & Chase Construction Company

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and amended August 14, 2015 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 16, 2015.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this 22nd day of February , 2023 .



**MERCHANTS BONDING COMPANY (MUTUAL)**
**MERCHANTS NATIONAL BONDING, INC.**
**d/b/a MERCHANTS NATIONAL INDEMNITY COMPANY**

By *Larry Taylor*
President

STATE OF IOWA
COUNTY OF DALLAS ss.
On this 22nd day of February , 2023 , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

Kim Lee
Commission Number 702737
My Commission Expires
April 14, 2024

*Kim Lee*
Notary Public

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this 22nd day of February , 2023 .

*William Warner Jr.*
Secretary

POA 0018 (10/22)